## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

KELLER WILLIAMS REALTY, INC.,

*Plaintiff*,

v.

INSIDERE, LLC,

*Defendant*.

Civil Action No. 1:25-cv-74

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Keller Williams Realty, Inc. ("KWRI" or "Plaintiff"), complains and alleges as follows:

## STATEMENT OF THE ACTION

1.     This is an action for trademark infringement and unfair competition under the United States Trademark (Lanham) Act 15 U.S.C. §§ 1114, 1125, and the common law.

2.     Plaintiff KWRI is the world's largest real estate franchise by agent count, providing highly sought after real estate services, real estate coaching and training services, and a real estate platform for real estate agents. KWRI has invested significantly in its business as well as its branding, including the use of its common law trademarks and its more than eighty federally registered trademarks.

3.     InsideRE, LLC ("Defendant") provides customer relationship management software tools, education, and training for the real estate industry. *See* www.insiderealestate.com.

4.      Defendant's use of confusingly similar trademarks to market identical products and services to KWRI's customers and competitors has created the likelihood of confusion between KWRI and Defendant.

5.      This action is brought to stop Defendant's infringement of KWRI's valuable intellectual property rights.

## THE PARTIES

6.      Keller Williams Realty, Inc. ("KWRI") is a corporation organized under the laws of the State of Texas with its principal place of business at 1221 South Mopac Expressway, Suite 400, Austin, Texas 78746.

7.      Defendant InsideRE, LLC is a company organized under the laws of Delaware with a place of business at 434 W Ascension Way, Suite 110, Murray, UT 84123.

## JURISDICTION AND VENUE

8.      This action raises federal questions under the Lanham Act, 15 U.S.C. § 1052, *et. seq*. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim and the threatened and actual harm to KWRI occurred in this District by reason of Defendant's conduct as alleged below.

10.      Defendant is subject to personal jurisdiction in this Judicial District. Specific personal jurisdiction exists over Defendant because the specific facts that give rise to the conduct alleged in this Complaint took place in this Judicial District, and Defendant's activity within this Judicial District and Texas is continuous and systematic. Defendant has employees in Texas to support its products and has offered infringing goods and services to customers in this Judicial

District, including to many of KWRI's biggest competitors. These competitors include RE/MAX LLC, Berkshire Hathaway HomeServices, Weichert Realtors, NextHome, Royal Lepage, The Keyes Company, Samsung Properties, and others. *See* www.insiderealestate.com/customer-stories.

## FACTUAL BACKGROUND

## KWRI

11.     KWRI is the world's largest real estate franchise by agent count, providing a highly sought after real estate platform for real estate agents. KWRI was founded in 1983 by Gary Keller and Joe Williams and has grown from a single office in Austin to approximately 1,000 franchised locations and over 170,000 affiliated associates worldwide. KWRI has been recognized as an Inc. 5000 company and one of the highest rated real estate companies by numerous publications, including *Entrepreneur* and *Forbes*. In 2024, it was listed as one of the "Best Places to Work" by Glassdoor.

12.     KWRI has offered real estate brokerage services since 1983. As the company has grown, it has expanded its product and services offerings. Since 1992, KWRI has offered franchising and technical assistance in establishing and operating real estate brokerages. Since 2009, KWRI has offered professional development services for real estate professionals. These are several examples among the many goods and services KWRI offers. KWRI has continuously engaged in these services in interstate commerce up to the present.

## KWRI's Federal and Common Law Trademarks

13.     Due to the company's growth and success, the name "Keller Williams" and its shorthand "KW" are internationally recognized for exceptional quality in real estate services.

14.     KWRI owns an extensive portfolio of federally registered and pending trademarks, as well as common law marks, including those at issue in this litigation, BOLD and BOLD LEADERSHIP (collectively "the KWRI BOLD Marks").

15.     Since at least as early as 2009, KWRI has used the KWRI BOLD Marks, BOLD and BOLD LEADERSHIP, to provide real estate consulting services, and real estate professional education and development services, such as instruction, training, coaching and one-on-one mentoring for real estate professionals. *See* https://mapscoaching.com/bold/.

16.     In addition, since at least as early as 2017, KWRI has offered Software as a Service (Saas) to the real estate industry for customer relationship management, business development and execution, and project management under the marks COMMAND and KW COMMAND. *See* https://thrive.kw.com/technology/. KW Command is an ecosystem of customer relationship management tools to drive growth of a real estate business that is designed to deliver smarter business solutions for agents and smoother experiences for customers.

17.     KWRI has federal trademark registrations to the KWRI BOLD Marks from the United States Patent and Trademark Office.

| MARK | REGISTRATION | GOODS/SERVICES |
| --- | --- | --- |
| BOLD | 7,654,829 | IC 36: Consulting services for real estate professionals in the field of real estate brokerage<br><br>IC 041: Professional education and development services, namely, providing instruction, training, coaching and one-on-one mentoring for real estate professionals, all of the foregoing in the field of real estate marketing and sales. |
| BOLD LEADERSHIP | 7,270,065 | IC 041: Professional education and development services, namely, providing instruction, training, coaching and one-on-one mentoring for real estate professionals, all of the foregoing in the field of real estate marketing and sales |

18.     The registrations above are currently valid, subsisting, and in full force and effect. True and correct copies of those registration certificates are attached hereto as Exhibits A and B.

19.     In addition, KWRI has continuously used the KWRI BOLD Marks with a purple color scheme on its website and in advertising materials, as shown below.

  





20.     The KWRI BOLD Marks are distinctive and well-known as used in connection with the services offered by KWRI, resulting in recognition that the services offered under the marks are associated with a single source - KWRI.

21.     KWRI's success in the marketplace is dependent on its reputation, brand recognition, the goodwill associated with the KWRI brand, and KWRI's relationship with new and existing clients. KWRI has invested substantial time, money, and effort in building the reputation

of KWRI, in obtaining and developing client relationships, and in protecting its intellectual property.

22.      KWRI has extensively advertised and promoted its services bearing the KWRI BOLD Marks. KWRI's advertising has included internet, print, and other customary manners to the trade. KWRI and its franchisees regularly interact with customers and the public using the KWRI BOLD Marks. As a result of KWRI's extensive advertising, sound business practices, and operations, KWRI has established strong relationships with those who have come to recognize and respect the services provided by KWRI and the services identified with the KWRI BOLD Marks.

23.      The goodwill embodied in the KWRI BOLD Marks, and consequently KWRI's valuable reputation and credibility in the industry, depends on the integrity of the marks being identified exclusively with KWRI and not any other source.

24.      As a result of KWRI's long use, promotion, and enforcement of the KWRI BOLD Marks in the United States (and internationally), KWRI has acquired valuable common law rights in the marks in addition to KWRI's federally registered trademarks. KWRI has continuously used the KWRI BOLD Marks in interstate commerce since at least as early as 2009 in connection with its services and has followed the USPTO marking guidelines and designations as appropriate.

## Defendant's Goods and Services

25.      Defendant offers customer relationship management software tools to the real estate industry as well as education and training for real estate professionals. Defendant offers these goods and services under the marks kvCORE, BoldTrail, and Bold Academy. *See* www.insiderealestate.com/.

26.      Defendant offers its infringing goods and services to KWRI's customers and to some of KWRI's largest competitors, including RE/MAX LLC, Berkshire Hathaway

HomeServices, Weichert Realtors, NextHome, Royal Lepage, The Keyes Company, Samsung

Properties, and others. *See* www.insiderealestate.com/customer-stories.com.

27.     Defendant's     software     platform     is     called     kvCORE     Platform,     (*see*

https://www.insiderealestate.com/kvcore), **kvCORE PLATFORM**, a purportedly advanced and powerful

CRM.

28.     At some point in 2024, Defendant decided to rebrand its kvCORE platform to

**B BoldTrail** (www.boldtrail.com).     *See*     June     20,     2024     Article     from

www.housingwire.com, attached as Exhibit C.

29.     As part of this rebranding, Defendant expanded its goods and services offered under

BoldTrail to go "beyond tech to include the resources, services and community our customers need

for long-term success" in one ecosystem that provides "real estate professionals a place to belong,

scale and thrive." Exhibit C at 2.

30.     On     December     17,     2024,     Defendant     debuted     "Bold     Academy"

**Bold Academy**, a real estate professional development program touted as "Everything You

Need to Grow Your Business." *See* https://boldacademy.insiderealestate.com (attached as Exhibits

D and E). Defendant advertises membership in Bold Academy to include live coaching webinars,

on demand content, access to a private real estate community and community events, interactive

business planning, and training for real estate professionals. *Id*.

## Defendant's Misconduct

31.     Defendant's software platform, kvCORE Platform, has directly competed for years

with KWRI's KW COMMAND SaaS product.

32.     Defendant's decision to rebrand this competing product to BoldTrail, a trademark that is confusingly similar with KWRI's BOLD Marks, appears intended to capitalize on KWRI's success and goodwill in the marketplace.

33.     Worse, Defendant recently introduced educational and professional development services under the mark  which directly compete with KWRI's professional development services offered under KWRI's BOLD Marks.

34.     Not only did Defendant rebrand its software to a confusingly similar mark, expand its use of the mark to include services identical to KWRI's, it copied the same purple color scheme used by the KWRI BOLD Marks. A comparison of the marks is shown below.

| KWRI | Defendant |
|---|---|
| BO LD — Explore BOLD Experiences — BOLD | B BoldTrail — BA Bold Academy |

35.     Defendant is using the infringing trademarks without permission from KWRI.

36.     Defendant's use of BoldTrail and Bold Academy infringe the KWRI BOLD Marks because they have confusingly similar names, colors and/or fonts as KWRI's BOLD Marks.

37.     Defendant's use of BoldTrail and Bold Academy infringe the KWRI BOLD Marks because Defendant uses these marks to offers the same real estate goods and services as KWRI to the same consumers.

38.     Defendant's activities falsely represent to the relevant public that Defendant has an association with KWRI.

39.     Defendant's unauthorized use of confusingly similar marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendant with KWRI, or as to the origin, sponsorship, or approval of Defendant's business by KWRI.

40.     Defendant's unauthorized use of confusingly similar marks falsely designates the origin of the business, and falsely and misleadingly describes and represents facts with respect to Defendant's business.

41.      Defendant's unauthorized use of confusingly similar marks enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by KWRI over many years, and to gain acceptance for its business not solely on its own merits, but on the reputation and goodwill of KWRI and its services.

42.     Defendant's unauthorized use of confusingly similar marks unjustly enriches Defendant at KWRI's expense. Defendant has been and continue to be unjustly enriched, obtaining a benefit from KWRI by taking undue advantage of KWRI and its vast goodwill. Specifically, Defendant has taken unfair advantage of KWRI by trading on and profiting from the goodwill in the KWRI Marks developed and owned by KWRI, resulting in Defendant wrongfully obtaining monetary and reputational benefit for their own business and products.

43.     Defendant's unauthorized use of confusingly similar marks removes from KWRI the ability to control the nature and quality of services provided under the KWRI Marks and places the valuable reputation and goodwill of KWRI in the hands of Defendant, over whom KWRI has no control.

44.     Unless these acts of Defendant are restrained by this Court, they will continue, and will continue to cause irreparable injury to KWRI and to the public for which there is no adequate remedy at law.

## Defendant's Willful Infringement

45.     On November 5, 2024, KWRI, through its counsel, sent a cease and desist letter to Defendant requesting an immediate stop to this infringement of KWRI's valuable intellectual property rights.

46.     Defendant, through counsel, responded to KWRI on November 21, 2024, and refused to cease its infringement of the KWRI BOLD Marks.

47.     However, on November 25, 2024, Defendant's CEO, Joe Skousen, sent an email to Gary Keller asking to discuss the issue.

48.     KWRI replied to Mr. Skousen on several occasions to schedule a meeting but did not receive any response. During that time, as noted above, Defendant has introduced additional offerings – apparently using delay in resolving this matter as a tactic to continue and expand its infringing activities, despite the fact Defendant has been on notice of its infringement for months.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement 15 U.S.C. § 1114

49.     KWRI repeats and realleges the allegations in preceding paragraphs 1-48 as if fully set forth herein.

10

50.    Defendant's conduct alleged herein, past and present, has created a likelihood of confusion, and/or deception as to the affiliation connection, or association of Defendant with KWRI, or as to the origin, sponsorship, or approval of Defendant's products by KWRI. Defendant's conduct is likely to induce consumers to believe, contrary to fact, that its products are sponsored, endorsed, approved by, or connected with KWRI and/or its goods and services. The acts of Defendant complained of herein constitute infringement of KWRI's BOLD Marks in violation of 15 U.S.C. § 1114.

51.    KWRI believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's trademark infringement in an amount not presently known to KWRI. By reason of Defendant's actions, constituting trademark infringement, KWRI has been damaged and is entitled to monetary relief in an amount to be determined at trial.

52.    Defendant's trademark infringement has caused and will continue to cause immediate and irreparable injury and damage to KWRI's business, reputation, and goodwill in an amount to be determined at trial. Unless restrained, Defendant's conduct will continue to seriously and irreparably impair further the value of the KWRI BOLD Marks, for which there is no adequate remedy at law.

53.    Defendant's acts complained of herein have been in conscious disregard of KWRI's rights in the KWRI BOLD Marks and trade on KWRI's vast goodwill in the KWRI BOLD Marks.

54.    In light of the foregoing, KWRI requests an injunction against Defendant for further use of the KWRI BOLD Marks, and all damages available as well as court costs, expenses, enhanced damages and attorney's fees pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### Federal Unfair Competition 15 U.S.C. § 1125

55.    KWRI repeats and realleges the allegations in preceding paragraphs 1-54 as if fully set forth herein.

56.    The acts complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

57.    Defendant's use in interstate commerce of marks confusingly similar to KWRI's BOLD Marks without KWRI's consent is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendant with KWRI, in violation of 15 U.S.C. § 1125(a), and constitutes unfair competition with KWRI.

58.    Defendant's acts complained of herein have been in conscious disregard of KWRI's rights and the likely confusion or mistake with respect to the source of the goods and services.

59.    KWRI believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount not presently known to KWRI. By reason of Defendant's actions, constituting unfair competition, KWRI has been damaged and is entitled to monetary relief in an amount to be determined at trial.

60.    Defendant's unfair competition has caused and will continue to cause immediate and irreparable injury and damage to KWRI's business, reputation, and goodwill in an amount to be determined at trial. Unless restrained, Defendant's conduct will continue to seriously and irreparably impair further the value of the KWRI BOLD Marks, for which there is no adequate remedy at law.

61.     In light of the foregoing, KWRI requests an injunction against Defendant for further use of confusingly similar marks to the KWRI BOLD Marks, and all damages available as well as court costs, expenses, enhanced damages and attorney's fees pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KWRI prays for judgment against Defendant as follows:

A.     A judgment declaring that Defendant has infringed the KWRI BOLD Marks under federal law;

B.     A judgment that Defendant's infringement has been willful;

C.     A judgement for KWRI on all other counts asserted herein;

D.     Compensatory and corrective advertising damages in an amount to be proven at trial;

E.     A temporary restraining order, preliminary injunction, and permanent injunction restraining Defendant and their agents, employees, salespeople, and all others acting in concert with him from acts of infringement and unfair competition; such injunctive relief to include a prohibition on using any and all of the KWRI BOLD Marks in interstate commerce;

F.     An ordering requiring Defendant to immediately preserve all documentary and physical evidence in their care, custody or control, including all electronic devices that may contain any evidence of infringement and use of the KWRI BOLD Marks;

G.     All pre-judgment and post-judgment interest as allowed by law;

H.     Attorneys' fees and costs; and

I.     Such other relief as the court may deem just and proper.

14

Dated: January 15, 2025                     Respectfully,

/s/ *Stewart N. Mesher*
Stewart N. Mesher
TX Bar No. 24032738
stewart.mesher@spencerfane.com
Darlene F. Ghavimi
dghavimi@spencerfane.com
TX Bar No. 24072114
**SPENCER FANE LLP**
816 Congress Avenue
Suite 1200
Austin, TX 78701
(512) 840-4550

*Attorneys for Plaintiff*